11-1780-cv
Ercole v. United States Department of Transportation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

———————————————————————————

Joseph R. Ercole,
> *Plaintiff-Appellant*,

v.                                             No. 11-1780-cv

Ray LaHood, Secretary of the Department
of Transportation, AKA Mary E. Peters,
> *Defendant-Appellee*,

United States Department of Transportation,
> *Defendant*.

———————————————————————————

FOR APPELLANT:          Joseph R. Ercole, *pro se*, Ronkonkoma, New York.

FOR APPELLEES:          Varuni Nelson, Thomas A. McFarland, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Joseph R. Ercole, proceeding *pro se*, appeals from the district court's judgment granting the defendant's motion to dismiss the claims in Ercole's third amended complaint, which were brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*, the Fifth and Fourteenth Amendments of the federal Constitution, the Freedom of Information Act, 5 U.S.C. § 552, the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and Article 15 of the New York Human Rights Law, N.Y. Exec. Law §§ 290-301. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To avoid dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, a court should look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest arguments that

2

they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its order dated March 29, 2011, which also incorporated, in part, the district court's orders dated September 10, 2008, and March 30, 2010.

We have considered all of Ercole's remaining arguments, including his arguments that the district court should have allowed discovery, and found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk